**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DWAINE McCLAY, # R-44429,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-019-NJR** |
| | ) | |
| **VIPEN SHAH,** | ) | |
| **WEXFORD MEDICAL SOURCES,** | ) | |
| **CATINA[1] FOOD SERVICES,** | ) | |
| **SUZANN BAILEY,** | ) | |
| **WARDEN LASHBROOK,** | ) | |
| **and BETSY SPILLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

  Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that he has suffered health problems as a result of consuming the soy-based diet served in prison. Additionally, the policy of serving only two meals per day at Pinckneyville has deprived him of adequate food. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

  Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

---

[1] Plaintiff refers to this Defendant in the body of the complaint as "Cantina" Food Services, which appears to be the correct spelling. The Clerk shall be directed to correct the error.

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff began serving his sentence in the custody of the Illinois Department of Corrections ("IDOC") in February 2013, and he has been served a "soy-based diet" on a daily basis since that time. According to Plaintiff, the IDOC uses soy products in order to save money, and prison officials are "adding millions to their personal and secret bank accounts" as a result of

the soy food policy (Doc. 1, p. 6). He asserts that Defendants are aware of the dangers of soy in the diet, because a group of female inmates sued over the soy diet in 2009-2011 and won.

On February 5, 2015, Plaintiff was transferred to Pinckneyville. He blames the soy content of the prison food for causing him to suffer severe constipation, stomach pains, and headaches; diarrhea and extreme gas; and laziness/lethargy over the past two years (Doc. 1, pp. 6-7).

While at Pinckneyville, Plaintiff has submitted four written requests to be placed on a soy-free diet, and three requests for a thyroid hormone level check. Defendant Dr. Shah has failed to respond to these appeals (Doc. 1, p. 6). Plaintiff's letters to Defendant Wexford Health Sources ("Wexford") have gone unanswered, as have his letters to Defendants Lashbrook, Bailey, and Spiller. None of his grievances has elicited any response. He asserts that Defendant Wexford has a policy of refusing to provide medical care for any soy-related illnesses.

When Plaintiff arrived at Pinckneyville, he was told by an officer that breakfast is not served there, as punishment for inmates who have been sent to Pinckneyville because of disciplinary issues. Plaintiff has suffered hunger pains daily for the 12-14 hour period he must wait between meals. On some days, he was so hungry that he was too weak to get out of bed. He also has headaches, stomach pain, and loss of energy due to the lack of food.

Plaintiff requested Defendants Shah and Wexford to provide him with a higher calorie diet, but got no response. At some point, however, Defendants Shah and Lashbrook told Plaintiff to spend more money to buy food at the commissary if he got hungry.

Plaintiff requests compensatory and punitive damages (Doc. 1, p. 9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Defendants have been deliberately indifferent to Plaintiff's medical needs by failing to diagnose or treat the symptoms he attributes to his ongoing consumption of soy products, and by refusing to provide him with a soy-free diet, in violation of the Eighth Amendment;

> **Count 2:** Defendants have been deliberately indifferent to Plaintiff's basic need for a nutritionally adequate diet, by allowing him to go without food for prolonged periods during which he has suffered pain and weakness, in violation of the Eighth Amendment;

> **Count 3:** Defendants conspired together to violate Plaintiff's rights by implementing the policy to serve a soy-based diet, and to provide only two meals per day to Pinckneyville inmates.

As explained below, Counts 1 and 2 shall proceed against some of the Defendants. Count 3 shall be dismissed pursuant to § 1915A.

**Count 1 – Deliberate Indifference to Symptoms Allegedly Related to Soy Consumption**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged

an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff describes several ongoing symptoms–including gastrointestinal distress, abdominal pain, and headaches–that indicate a need for medical attention and possible treatment. The complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether any of the Defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

According to Plaintiff, he made several requests to Defendant Shah for medical treatment. He specifically asked for a soy-free diet and a test for his thyroid hormone levels. Plaintiff does not claim to have medical training himself, so it does not appear that he has the expertise to diagnose whether his problems are in fact caused by soy consumption or have some other origin. Plaintiff also cannot dictate his own treatment. *See Forbes*, 112 F.3d at 267. The complaint indicates, however, that Plaintiff has not received any medical care, diagnosis, or treatment for his ongoing symptoms. It appears that Plaintiff made Defendant Shah aware of his symptoms and their duration, but he was never scheduled for any medical assessment. For this reason, his claim in **Count 1** against Defendant Shah for deliberate indifference to a serious medical need further review.

As to Defendant Wexford, the complaint suggests that Defendant Shah's failure to respond to Plaintiff's requests for medical tests and a special diet related to the soy food content was a result of Wexford's policy against treating any soy-related conditions. The Seventh Circuit has held that a corporate entity may violate an inmate's constitutional rights (in this case, deliberate indifference to Plaintiff's serious medical needs), when it has a policy that creates conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Here, Plaintiff has sufficiently alleged that the denial of treatment for his soy-related complaints was due to a policy or practice of Defendant Wexford. Therefore, his deliberate indifference claim against Defendant Wexford shall also proceed under **Count 1**.

The remaining Defendants, however, must be dismissed from Count 1. Nothing in the complaint indicates that Defendant Cantina Food Services ("Cantina") promulgated any policy that caused a medical provider to deny medical care to Plaintiff. Instead, this company is the contractual food service provider to the prison. Under the standards explained above with reverence to Defendant Wexford, there is no basis to hold Defendant Cantina liable for deliberate indifference to Plaintiff's medical needs.

The other individual Defendants–Bailey (Food Service Administrator), Lashbrook (Warden), and Spiller (Assistant Warden)–are not alleged to be medical providers. If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just

a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Here, of course, Plaintiff states that he has not received any medical care. He says that he sent letters to these three Defendants, but does not detail the contents or frequency of his communications. Thus the Court cannot conclude that Defendants Bailey, Lashbrook, or Spiller had sufficient knowledge of Plaintiff's condition to satisfy the subjective component of a deliberate indifference claim. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference claim against non-medical prison officials who failed to intervene despite their knowledge of his serious medical condition and inadequate medical care, as explained in his "coherent and highly detailed grievances and other correspondences"). At this stage, the claims in Count 1 shall be dismissed without prejudice against Defendants Bailey, Lashbrook, and Spiller.

**Count 2 – Deliberate Indifference – Inadequate Food**

In and of itself, the Pinckneyville policy to schedule only two meals per day for inmates does not violate the Constitution. A denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days is unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only

once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health.").

In Plaintiff's case, he claims to have suffered severe hunger pains, headaches, and weakness from hunger to the degree that he could not get out of bed. Taking Plaintiff's allegations as true, he describes objective symptoms that suggest he is not receiving adequate food portions at Pinckneyville. He brought his complaints to the attention of Defendants Shah and Lashbrook, who told him to buy food at the commissary if he got hungry. This response suggests that these two Defendants may have been deliberately indifferent to Plaintiff's need for adequate nutrition. Therefore, Plaintiff's claims against Defendants Shah and Lashbrook in **Count 2** shall proceed for further review.

Count 2 shall be dismissed, however, against the remaining Defendants. None of the facts related by Plaintiff indicates that Defendant Wexford had any part in forming the policy to serve only two meals per day at Pinckneyville. As for Defendant Cantina, Plaintiff states that this entity is the contractor that provides food services as directed by the prison administration, which means that Cantina itself does not make policy regarding the meal schedule. As such, neither of these corporate Defendants can be held liable for the failure to provide Plaintiff with adequate food.

Plaintiff does not describe any contact or communication between himself and Defendants Bailey or Spiller regarding the pain and discomfort he claims to have experienced from the long periods without food. Therefore, the complaint provides no facts to support a claim that these Defendants were aware of Plaintiff's symptoms, yet failed to take any steps to remedy the risk of harm to him. At this stage, the deliberate indifference claims in Count 2 against Defendants Bailey and Spiller shall be dismissed without prejudice for failure to state a claim

upon which relief may be granted.

**Count 3 – Conspiracy**

Plaintiff asserts that all Defendants conspired to violate his civil rights with respect to both the soy content of the food, and the elimination of a third meal at Pinckneyville. But his conclusion that a conspiracy was afoot is not supported by factual allegations.

Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't*., 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id*. at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)). The mere fact that the Defendants named in the complaint each had some involvement in making or carrying out the dietary policies does not establish a conspiracy. There is no suggestion that the policy to replace meat products in the prison diet with soy was aimed solely at Plaintiff, or that the Defendants had a meeting of the minds to harm Plaintiff (or any other prisoner). All conspiracy allegations, therefore, fail. **Count 3** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**<u>Pending Motions</u>**

The motion for service of process at government expense (Doc. 3) is **GRANTED in part and DENIED in part.** Service shall be ordered below on those Defendants who remain in the

action. No service shall be made on the dismissed Defendants.

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

**<u>Disposition</u>**

The Clerk is **DIRECTED** to correct the spelling of Defendant Catina Food Services to "Cantina" Food Services.

**COUNT 3** is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Defendants **CANTINA FOOD SERVICES, BAILEY,** and **SPILLER** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **SHAH, WEXFORD MEDICAL SOURCES,** and **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

       Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

       **IT IS SO ORDERED.**

       **DATED:  February 26, 2016**

                                          _____
                                          **NANCY J. ROSENSTENGEL**
                                          **United States District Judge**