IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAINE MCCLAY,                          )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )       Case No. 3:16-cv-19-NJR-DGW
                                        )
VIPIN SHAH, WEXFORD MEDICAL             )
SOURCES, and WARDEN LASHBROOK,          )
                                        )
    Defendants.                         )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Vipin Shah, M.D. and Wexford Health Sources, Inc. (Doc. 35) be **GRANTED IN PART AND DENIED AND PART**, and the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Jaqueline Lashbrook (Doc. 38) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Dwaine McClay, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional

Center ("Pinckneyville").  In his complaint, Plaintiff alleges that he suffered health problems as a result of consuming the soy-based diet served at Pinckneyville and was deprived of adequate food due to Pinckneyville's policy of serving only two meals per day.  Following an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff is proceeding on the following claims:

> Count One:   Defendants Vipin Shah, M.D. and Wexford Health Sources, Inc. were deliberately indifferent to Plaintiff's medical needs by failing to diagnose or treat the symptoms he attributes to his ongoing consumption of soy products, and by refusing to provide him with a soy-free diet, in violation of the Eighth Amendment; and

> Count Two:   Defendants Vipin Shah, M.D. and Warden Lashbrook were deliberately indifferent to Plaintiff's basic need for a nutritionally adequate diet, by allowing him to go without food for prolonged periods during which he has suffered pain and weakness, in violation of the Eighth Amendment.

Defendants have filed motions for summary judgment asserting Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.*, prior to filing this lawsuit (*see* Docs. 35 and 38).  More specifically, Defendants aver that Plaintiff failed to file any grievances complaining about the issues in this lawsuit while he was incarcerated at Pinckneyville.  In support of their arguments, Defendants rely on Plaintiff's grievance records obtained from Pinckneyville and the ARB, as well as Plaintiff's cumulative counseling summary.  Upon review of these records, the Court finds that they do not contain any grievances related to the claims in this matter.  However, in his complaint, Plaintiff asserts that "on about appx. April 2014 I filed 2 grievances about the soy in my meals but none were answered. Then I started to do so in PNK [Pinckneyville], but defendants intentionally refuse to respond to any soy related complaints" (*see* Doc. 1, p. 5).   The Court also notes that Plaintiff

attached a grievance dated December 26, 2015 to a filing captioned "Motion to Sever/Settlement Conference" (Doc. 26, pp. 2-3).  In this grievance, Plaintiff complains about the soy content of his meals, as well as the brunch program at Pinckneyville (*see id.*).  Defendants Shah and Wexford assert that this grievance is insufficient to exhaust his administrative remedies for his claims in this lawsuit as there is no response from Plaintiff's counselor, or the grievance officer and warden, and it was dated just eleven days before this lawsuit was filed.

Plaintiff timely filed a response to Defendants' motions for summary judgment on October 17, 2016 (Doc. 42).  In his response, Plaintiff contends that although there was no response to his December 26, 2015 grievance from his counselor, it was filed, asserting that just because an inmate writes a grievance does not mean the grievance officer will respond to it. Moreover, Plaintiff indicates he sent numerous requests regarding his symptoms to Shah and Wexford, but never received any response.

Based on Plaintiff's response to Defendants' motions for summary judgment, as well as his indication in his complaint that he started the grievance process at Pinckneyville, but officials refused to respond, the Court deemed it necessary to hold a Pavey Hearing on this matter.

*Pavey Hearing*

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on January 5, 2017.  At the hearing, Plaintiff indicated that following his arrival at Pinckneyville in February, 2015, he filed a grievance related to the issues in this lawsuit sometime in the summer of 2015.  More specifically, Plaintiff indicated that in this grievance he complained that he was having stomach issues and migraine headaches because the food he was consuming in the chow hall contained soy.  Plaintiff placed this grievance in the

door to his cell to be picked up by a correctional officer and, when he inquired with a correctional officer the next day, he was told it had been picked up.  However, Plaintiff stated that he never received a response.  Plaintiff indicated that he did not file another grievance regarding the issues in this lawsuit until December 26, 2015.  Also at the hearing, upon being questioned by counsel for Defendant Lashbrook, Plaintiff stated that he reviewed and signed the complaint prior to filing it.

LEGAL STANDARDS

*Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005).  The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).  *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).  A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Celotex*, 477 U.S. at 323.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id*.  The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what

evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

### *Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).  *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).  Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).  The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit.  See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.  In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies.  *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).  If a Plaintiff has

exhausted his remedies, the case will proceed on the merits.  If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

***Exhaustion Requirements under Illinois Law***

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor.  ILL. ADMIN. CODE TIT. 20, § 504.810(a).  If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance.  *Id*. § 504.810(b).  The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance.  *Id*. § 504.830(d).  The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed.  *Id*. § 504.830(d).  An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision.  *Id*. § 504.850(a).  *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).  An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB.  *See Id*.  The ARB shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances.  *Id*. § 504.850(f).

An inmate may request a grievance be handled as an emergency by forwarding it directly to the CAO.  If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken.  *Id*. § 504.840.  If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision.  *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a).  The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances.  *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).  The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue."  *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009).  If further remedies are unavailable to the prisoner, he is deemed to have exhausted.  *Id.*  Prisoners are required only to provide notice to "responsible persons" about the complained of conditions.  *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).  An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance.  *See Kaba*, 458 F.3d at 684.

### CONCLUSIONS OF LAW

Based on the evidence in the record and arguments at the Pavey Hearing, the Court finds Plaintiff exhausted his claim related to the soy diet (Count One), but failed to exhaust his claim complaining of an inadequate diet (Count Two).

First, the Court finds Plaintiff's assertions regarding the filing of a summer, 2015 grievance credible.  Although Plaintiff did not specifically mention a summer, 2015 grievance in his complaint, he indicated that he filed grievances at Pinckneyville, but Defendants refused to respond to his soy-related complaints (*see* Doc. 1, pp. 5, 7).  Further, although not entirely clear, Plaintiff's response to Defendants' motions for summary judgment alludes to the fact that he filed multiple grievances while at Pinckneyville regarding his request for a soy-free diet that

were never met with a response.  Moreover, the Court finds that the record-keeping at Pinckneyville is not reliable to support a finding that Plaintiff did not file a grievance in the summer of 2015, noting there was no record of Plaintiff's December 26, 2015 grievance in the records from the Illinois Department of Corrections and no counselor's notation on this grievance, although Plaintiff's cumulative counseling summary clearly indicates that this grievance was responded to on January 4, 2016 (*see* Doc. 36-3).  For these reasons, the Court finds Plaintiff's assertion that he attempted to file a grievance in the summer of 2015 credible. However, the Court's inquiry does not end here.  The Court must also consider whether the content of this grievance was sufficient to exhaust the claims in this matter.

The only evidence the Court has with regard to the content of Plaintiff's summer, 2015 grievance is Plaintiff's statement that he complained about having stomach issues and migraine headaches due to the soy in his diet.  Defendants have not provided any evidence to contradict this statement.  Accordingly, the Court finds that the content of the grievance is sufficient to exhaust Count One of Plaintiff's complaint related to Plaintiff's medical conditions caused by allegedly consuming soy.  This grievance, however, is insufficient to exhaust Count Two of Plaintiff's complaint as there is no evidence that it complained about the inadequacy of the meals at Pinckneyville.

The only other grievance relied on by Plaintiff to establish exhaustion of his administrative remedies was dated December 26, 2015.  While the Court acknowledges Plaintiff's assertion that he never received a response to this grievance, he simply did not wait a sufficient amount of time to receive a response before filing this lawsuit on January 6, 2016.  For this reason, the Court does not find this grievance sufficient to establish exhaustion of Plaintiff's

claims in this matter.

**RECOMMENDATIONS**

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Vipin Shah, M.D. and Wexford Health Sources, Inc. (Doc. 35) be **GRANTED IN PART AND DENIED AND PART**, and the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Jaqueline Lashbrook (Doc. 38) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust his administrative remedies as to Count Two prior to filing suit; that Count Two be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

If this Report and Recommendation is adopted, the only claim remaining in this matter will be Count One against Defendants Shah and Wexford.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 11, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**