IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAINE MCCLAY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 16-CV-19-NJR-DGW |
| | ) |
| VIPIN SHAH, WEXFORD MEDICAL SOURCES, and WARDEN LASHBROOK, | ) |
| | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald. G. Wilkerson (Doc. 50), which recommends that this Court grant in part and deny in part the Motion for Summary Judgment filed by Defendants Vipin Shah, M.D. and Wexford Health Sources (Doc. 35) and grant the Motion for Summary Judgment filed by Defendant Jacqueline Lashbrook (Doc. 38). The Report and Recommendation was entered on January 11, 2017. No objections were filed.

Plaintiff Dwaine McClay filed this action on January 6, 2016, asserting that Defendants violated his constitutional rights while he was incarcerated at Pinckneyville Correctional Center. Plaintiff proceeds on the following counts:

    Count One:    Defendants Shah and Wexford were deliberately indifferent to Plaintiff's medical needs by failing to diagnose or treat the symptoms he attributes to his ongoing consumption of soy products, and by refusing to provide him with a soy-free diet, in violation of the Eighth Amendment; and

    Count Two:    Defendants Shah and Lashbrook were deliberately indifferent to Plaintiff's basic need for a nutritionally adequate diet, by allowing

>him to go without food for prolonged periods during which he has suffered pain and weakness, in violation of the Eighth Amendment.

All three defendants have filed Motions for Summary Judgment (Docs. 35, 38) arguing that Plaintiff failed to exhaust his administrative remedies before bringing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' motions on January 5, 2017. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 50). Objections to the Report and Recommendation were due on or before January 30, 2017. No party has filed an objection.

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 291, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson thoroughly discussed the evidence and the Court fully agrees with his findings, analysis, and conclusions with respect to the issue of exhaustion. Magistrate Judge Wilkerson determined that Plaintiff was credible

in his assertion that he attempted to file a grievance in the summer of 2015, and that credibility determination is entitled to deference. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). The Court also agrees that the content of this grievance is sufficient to exhaust Count One of Plaintiff's Complaint related to Plaintiff's medical conditions allegedly caused by consuming soy. This grievance, however, is insufficient to exhaust Count Two of Plaintiff's Complaint related to a nutritionally inadequate diet.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 50) in its entirety, **GRANTS in part and DENIES in part** the Motion for Summary Judgment (Doc. 35) filed by Defendants Shah and Wexford, and **GRANTS** the Motion for Summary Judgment (Doc. 38) filed by Defendant Lashbrook. Count 2 against Defendants Shah and Lashbrook is **DISMISSED without prejudice**. The Clerk's Office is **DIRECTED** to **TERMINATE** Defendant Lashbrook as a party to this action. This case proceeds as to Count One of Plaintiff's Complaint against Defendants Shah and Wexford only.

**IT IS SO ORDERED.**

DATED:   March 1, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**